## Hiatt v. Bettis.

(Decided December 19, 1924.)

### Appeal from Garrard Circuit Court.

Depositions—Further Cross-Examination by Deposition Under Statute Held Properly Denied.—Plaintiff's motion to recross-examine defendant under Civil Code of Practice, section 606, made during term at which action stood for trial, and four months after term during which original deposition had been completed

held properly denied, because application made no sufficient statement from which court could determine whether matters desired to be inquired into had been fully disclosed in original deposition.

L. L. WALKER and G. C. WALKER for appellant.

ROBINSON & KAUFFMAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a companion case to that of J. M. Hiatt v. Price Bourne, et al., 206 Ky. 287, and in which the facts on which this case is based are fully set out. The lower court held that the appellee had no notice of any fraudulent intent of J. P. Bourne at the time he sold appellee the lien notes in question and dismissed appellant's petition to set aside the sale as fraudulent within the meaning of section 1906 of the Kentucky Statutes. For the reasons stated in the Price Bourne case, we concur in that finding.

It is also urged in this case that the lower court erred in overruling the appellant's motion for permission to recross-examine the appellee under section 606 of the Code. This motion was made at the August, 1923, term of Garrard circuit court, at which term this action stood for trial. This suit was filed in March, 1922, and appellant took appellee's deposition as if under cross-examination on April 14, 1922. All the depositions in this case were completed in March, 1923, and no reason appears why appellant did not, at the March term of the court, make the request he made when the case was called for trial. Further, the motion he filed in August, 1923, gives as the reason therefor: "That relevant matters have been brought out since the defendant gave his deposition as if under cross-examination at the beginning of this case, and that plaintiff desires to inquire of said Bettis concerning this relevant matter." We do not regard this as sufficient because it is not stated what these matters are, nor could the court have determined from this statement whether or not Bettis had made a full disclosure concerning such matters in his original deposition.

These statements were but conclusions of the pleader, and we can not say that the court abused a sound discretion in overruling the motion.

The judgment of the lower court is affirmed.